# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

FERRYN N. ZENAKIS,

Plaintiff,

v.                                              Case No.

SOUTHEASTERN EMERGENCY
PHYSICIANS, LLC,

Defendant.

## COMPLAINT

**NOW COMES** Ferryn N. Zenakis, by and through her undersigned counsel, complaining of Southeastern Emergency Physicians, LLC as follows:

## NATURE OF THE ACTION

1. This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## PARTIES

3. Ferryn N. Zenakis ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Lenoir City, Tennessee.

4. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

5. Southeastern Emergency Physicians, LLC ("Defendant") is a Medical Group that has 59 practice medical offices located in 6 states. Defendant specializes in emergency medicine and pediatric emergency medicine.

6. Defendant maintains its principal place of business in Knoxville, Tennessee.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1696.

9. At all times relevant, Plaintiff's number ending in 1696 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

11. In February 2021, Plaintiff visited Ft. Lauden Medical Center in Lauden County, Tennessee for emergency medical treatment.

12. During the visit and after providing Defendant with her insurance information, Plaintiff obtained a MRI; however, was told to go home and seek treatment with a Gastrointestinal Specialist.

13. Plaintiff was charged for the medical visit in the amount of $1,191.00 ("subject debt") despite the fact that she was never treated by a physician and was fully insured for her visit.

14. In April 2021, Defendant started calling Plaintiff in order to collect upon the subject debt.

15. Plaintiff spoke with Defendant and advised them that the subject debt is covered through her insurance, World Trip Insurance, and further provided a direct phone number at which World Trip Insurance can be reached.

16. Despite Plaintiff providing her insurance information to Defendant, Defendant failed to contact Plaintiff's insurance provider.

17. Shortly thereafter, Plaintiff continued to receive telephone calls from Defendant to her cellular phone.

18. In the telephone calls that Plaintiff answered, Plaintiff was greeted by a prerecorded message advising her to "press one to pay".

19. However, Plaintiff did not want to pay on the subject debt as it was covered through her insurance.

20. Deprived of any other option other than to pay the subject debt, Plaintiff disconnected the telephone call.

21. In April 2021, Plaintiff placed a telephone call to Defendant.

22. During this telephone call, Plaintiff asked Defendant as to why they continued to contact her as she previously provided them with her insurance information.

23. After explaining the situation and disputing that subject debt was owed by Plaintiff, Plaintiff demanded that Defendant cease its collection calls. The representative acknowledged Plaintiff's request to cease the telephone calls.

24. Despite Plaintiff's request that the collection calls cease and confirmation from Defendant's representative, Defendant continued to place pre-recorded collection calls to Plaintiff.

25. Furthermore, in the telephone calls in which Plaintiff was unable to answer, Defendant left a prerecorded voicemail stating:

3

"Hi. We're calling from Southeastern Emergency Physicians, LLC to let you know you have a bill ready to view. When you have a minute, please go to pay.teamhealth.com and enter the following bill ID to view your notification: 975174458482. To repeat, the web address is pay.teamhealth.com and the bill ID is 975174458482. When you visit the website you will be able to chat online or alternatively you can call us at 866-293-2688, Monday through Friday from 8:00 a.m. to 8:00 p.m. EST and Saturday from 10:00 a.m. to 3:00 p.m. EST. If you have any questions regarding your billing or require any other assistance, we are available to help you. Just so you know, we also offer a zero percent interest payment plan. Thank you and have a wonderful day."

26. In total, Defendant has placed no less than 25 pre-recorded collection calls to Plaintiff after Plaintiff initially requested that the calls cease.

27. Defendant continues to place prerecorded collection calls to Plaintiff to this date.

28. Defendant's phone calls are placed from various numbers including, but not limited to: (888) 580-2688.

## **DAMAGES**

29. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

30. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

4

31. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing.

32. Plaintiff was forced to initiate the instant litigation to compel Defendant to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. Defendant placed or caused to be placed no less than 25 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

35. As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on her cellular telephone.

36. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

37. Upon information and belief, based on the lack of human interaction during the phone calls in which Plaintiff answered and the pre-recorded messages used by Defendant, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

38. As pled above, Plaintiff revoked consent to be called on her cellular phone.

5

39. As pled above, Plaintiff was harmed by Defendant's incessant collection calls to her cellular phone.

40. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

41. Upon information and belief, Defendant does not maintain adequate policies and procedures that would enable it to effectively process and honor the requests of consumers that the collection calls cease.

42. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

43. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

44. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A.  a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B.  an award of statutory damages of at least $500.00 for each and every violation;

C.  an award of treble damages of up to $1,500.00 for each and every violation; and

D.  an award of such other relief as this Court deems just and proper.

DATED: April 27, 2022                    Respectfully submitted,

**FERRYN N. ZENAKIS**

By: */s/ Marwan R. Daher*

Marwan R. Daher. Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
mdaher@sulaimanlaw.com

7